IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:00-CR-45-BO

| | | |
|---|---|---|
| CAROLYN JACKSON | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | |

This cause comes before the Court on petitioner's motion to expunge felony charge [DE 33]. The government has moved to dismiss petitioner's motion [DE 36]. For the reasons discussed below, the government's motion is granted.

## BACKGROUND

Petitioner was sentenced by the court on December 18, 2000, to ninety months' imprisonment on a charge of conspiracy to distribute and possess with intent to distribute cocaine base. Petitioner subsequently filed a motion attacking her sentence under 28 U.S.C. § 2255 that was adjudicated on the merits and dismissed by the Court on April 10, 2002. Petitioner was released from federal prison in 2007 and has filed the instant motion seeking removal of her felony conviction so that she can apply for a license to be a registered nurse.

## DISCUSSION

Though styled as a motion to expunge, the relief that petitioner seeks is that which would result from a successful motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Accordingly, the Court must re-characterize the motion as one pursuant to § 2255. *See United*

*States v. Blackstock*, 513 F.3d 128, 131 (4th Cir. 2008). As petitioner has attacked the same judgment and conviction in an earlier § 2255 petition that was dismissed on the merits, the instant motion is a second or successive § 2255 petition. 28 U.S.C. § 2255(h).

Absent pre-filing authorization from the court of appeals, this Court lacks jurisdiction to consider petitioner's second or successive motion. *Id.* ("second or successive motion must be certified . . . by a panel of the appropriate court of appeals); *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003). Furthermore, petitioner is not required to receive notice of the Court's re-characterization of the motion as it has been found to be second or successive. *See United States v. Brown*, 132 F. App'x 430, 431 (4th Cir. 2005) (unpublished). Accordingly, the Court hereby re-characterizes the instant motion as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and the motion is DISMISSED for failure to obtain pre-filing certification from the court of appeals.[1]

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and dismissal of the petition is appropriate, the Court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in her habeas

---

[1] Furthermore, even if petitioner's motion were not considered second or successive, the Court would likely remain without jurisdiction to consider it. A motion under § 2255 must filed by a person in custody. 28 U.S.C. § 2255(a). Petitioner states that she was released from prison in January 2007; her five-year term of supervised release would have ended in January 2012. Accordingly, as petitioner appears to have no longer be in custody when she filed the instant motion, the Court would be unable to consider her claim.

2

petition.

A certificate of appealabilty may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 484-85.

After reviewing the claims presented in the petition in light of the applicable standard, the Court finds reasonable jurists would not find the Court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the reasons discussed above, the government's motion to dismiss is GRANTED and

3

petitioner's motion to expunge felony is DISMISSED.

SO ORDERED, this 10 day of October, 2012.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE